UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **KAYLEN TAYLOR** § | |
| § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION NO. 4:22-cv-203 |
| § | (removed from the County Court |
| **MELTON TRUCK LINES, INC.,** § | at Law No. 2, Tarrant County, |
| **and MATTHEW CHESNUTT,** § | Texas) |
| § | |
| Defendants. § | |

## DEFENDANTS' NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Melton Truck Lines, Inc. ("Melton"), and Matthew Chesnutt ("Chesnutt") hereby remove this action from the County Court at Law No. 2 in Tarrant County, Texas to the United States District Court for the Northern District of Texas, Fort Worth Division, and would respectfully show the Court as follows:

### I.  PARTIES

**1.** Plaintiff Kaylen Taylor ("Taylor") is an individual residing in Tarrant County, Texas. For purposes of diversity, Taylor is a citizen of Texas.

**2.** Defendant Melton Truck Lines, Inc. is an Oklahoma corporation that, at all relevant times, has maintained its principal place of business in Oklahoma. For purposes of diversity, Melton is a citizen of Oklahoma.[1]

---
[1] 28 U.S.C. § 1332(c)(1).

3. Defendant Matthew Chesnutt is an individual residing in Las Vegas, Nevada. For purposes of this removal, Chesnutt is a citizen of Nevada.

## II. STATE COURT ACTION

4. This matter arises from a motor vehicle accident that occurred on October 16, 2020, in Tarrant County, Texas. As a result of the accident, Plaintiff is bringing claims of negligence against Defendants.

5. On March 2, 2022, Plaintiff filed her Original Petition in the County Court at Law No. 2 in Tarrant County, Texas, styled *Kaylen Taylor v. Melton Truck Lines, Inc. and Matthew Chesnutt,* cause no. 2022-001035-2 (the "State Court Action").

6. Melton was served with process on March 10, 2022. Melton filed its Original Answer on March 21, 2022.

7. Chesnutt was served with process on March 11, 2022. Chesnutt filed his Original Answer on March 21, 2022.

8. With this Notice of Removal, Defendants remove the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## III. BASIS FOR REMOVAL

9. The State Court Action is removable pursuant to 28 U.S.C. § 1441(a)-(b) and 28 U.S.C. § 1332(a)(1). This matter is a civil dispute between citizens of different states. There is and was at all relevant times (including at the time of filing of the States Court Action, service of the Original Petition, and the filing of this Notice of Removal), complete diversity between the parties in this action.

10.     Under Federal law, the amount in controversy is determined as of the time of removal.[2] If a court cannot determine if a plaintiff's damages exceed $75,000 from the face of the petition, the "removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds [$75,000]".[3] Evidence presented by defendant may demonstrate the claims likely exceed $75,000 "even when it is not facially apparent that the amount in controversy is met."[4]

11.     Here, the amount in controversy in this lawsuit exceeds $75,000, exclusive of interest and costs, as evidenced by Plaintiff' counsel's email dated March 21, 2022.[5] More specifically, Plaintiff's Petition alleges damages of $250,000 or less.[6] On March 15, 2022, Defendants' counsel reached out to Plaintiff's counsel requesting information on Plaintiff's alleged damages, and a stipulation as to whether Plaintiff is seeking damages of less than $75,000.[7] Plaintiff's counsel responded by stating "at this time, I am not thinking we will be able to plead or stipulate to under $75k in damages."[8] In support of this position, Plaintiff's counsel explains that due to the alleged medical treatment Plaintiff may ultimately pursue, Plaintiff's alleged damages will likely exceed the $75,000 threshold. Accordingly, based upon Plaintiff

---

[2] *Harris v. QuikTrip Corp.*, No. 3:21-CV-2162-S, 2021 WL 5281595, at *2 (N.D. Tex. Nov. 11, 2021) (citing *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 800, 883 (5th Cir. 2000)).
[3] *Quiktrip Corp.,* 2021 WL 5281595, at *2 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).
[4] *Quiktrip Corp.*, 2021 WL 5281595, at *3 (citing *Allen,* 63 F.3d at 1336).
[5] *See* March 21, 2022, email correspondence between Defendants' counsel and Plaintiffs' counsel, attached hereto as **Exhibit A-1.**
[6] Plaintiff's Original Petition, Page 1.
[7] *See* Ex. A-1.
[8] *Id.*

counsel's own admission, it is shown by a preponderance of the evidence that the damages sought in this matter exceed $75,000.

12. Accordingly, because Plaintiff and the Defendants are citizens of different states and the amount in controversy exceeds $75,000, this Court has original jurisdiction and removal of this matter to federal court is proper.

13. Venue is proper in this Court under 28 U.S.C. § 1441(a) because the district and division of this Court includes Tarrant County, Texas, the location where Plaintiff filed her State Court Action.

### IV. COMPLIANCE WITH REMOVAL REQUIREMENTS

14. This Notice of Removal is timely filed under 28 U.S.C. § 1446. This Notice of Removal is filed within thirty days of March 10, 2022, the date Defendants were first served with process and a copy of Plaintiff's Original Petition in the State Court Action. This Notice of Removal is filed within one year of the filing of the Original Petition.

15. In accordance with 28 U.S.C. § 1446(d), written notice of this removal will be promptly given to Plaintiff, through her counsel of record, and a copy of this Notice will be filed with the clerk of court where the State Court Action is pending.

16. By filing this Notice of Removal, Defendants do not intend to waive any defenses they may have to Plaintiff's claims.

## V. CONCLUSION

Defendants Melton Truck Lines, Inc. and Matthew Chesnutt therefore, request the Court accept jurisdiction over this lawsuit for the reasons set forth above and grant them such other and further relief at law and in equity to which they may be justly entitled.

Respectfully submitted,

*/s/ Mark Scudder*
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS, WINSLETT & MOSER**
2001 Bryan St., Suite 1800
(214) 871-2100
(214) 871-2111 - Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**ATTORNEYS FOR DEFENDANTS**

### CERTIFICATE OF SERVICE

On March 22, 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Mark S. Scudder*
**MARK S. SCUDDER**