# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KAYLEN TAYLOR** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | **CIVIL ACTION NO.** 4:22-cv-203 |
| **vs.** | § | |
| | § | |
| **MELTON TRUCK LINES, INC.,** | § | |
| **and MATTHEW CHESNUTT,** | § | |
| | § | |
| **Defendants.** | § | |

## DECLARATION OF RYAN FUNDERBURG

1.   Pursuant to 28 U.S. Code § 1746, I, Ryan Funderburg declare under penalty of perjury that the foregoing is true and correct.

2.   On March 15, 2022, I sent an email to Plaintiff's counsel, Jonathan Rawlins, inquiring as to the amount of Plaintiff's alleged damages, and requested whether Plaintiff would be willing to stipulate the damages sought are less than $75,000 in this matter.

3.   On March 22, 2022, I sent an additional correspondence to Plaintiff's counsel following up on my previous email.

4.   Later, on March 22, 2022, Plaintiff's counsel responded by explaining that based upon Plaintiff's recommended medical treatment, she will not be able to plead or stipulate to damages under $75,000 at this time.

5.   Attached as **Exhibit A-1** to this Declaration is a true, correct, and exact copy of the email correspondence, dated March 15 and 22, 2022, between Jonathan Rawlins and myself as described in this Declaration.

Dated: March 21, 2022

Declarant, Ryan Funderburg

# EXHIBIT A1

**Ryan Funderburg**

| | |
|---|---|
| **From:** | Jonathan  Rawlins <jrawlins@rawfirm.com> |
| **Sent:** | Monday, March 21, 2022 9:33 AM |
| **To:** | Ryan Funderburg; Taylor Adams |
| **Subject:** | [EXTERNAL] - RE: Kaylen Taylor v. Melton Truck Lines, et al. |

Thank you for following up on this.  We have reached out to our client to see if a stipulation like this is possible.  Just FYI, our client has been recommended to undergo a Right Knee Arthroscopy and Meniscus Debridement as well as been recommended to undergo Lumbar Facet Injections at two levels.  At this time I am not thinking we will be able to plead or stipulate to under $75K in damages.  I will let you know as soon as I hear back from Ms. Taylor.

Regards,

Jonathan Rawlins
**Rawlins Law Firm, LLC**
12801 N. Central Expy, Ste 360
Dallas, TX  75243
main: (972) 372-0766
direct: (214) 919-4215
fax: (972) 372-0765

CONFIDENTIAL: This message from **Rawlins Law Firm, LLC,** may contain information that is privileged, confidential, and/or exempt from disclosure under applicable law.  If you are not the intended recipient of this message, you are hereby notified that the copying, use or distribution of any information or materials transmitted in or with this message is strictly prohibited.  If you received this message in error, please delete this message and destroy any copies immediately.

**From:** Ryan Funderburg <rfunderburg@qslwm.com>
**Sent:** Monday, March 21, 2022 9:15 AM
**To:** Jonathan Rawlins <jrawlins@rawfirm.com>; Taylor Adams <tadams@rawfirm.com>
**Subject:** RE: Kaylen Taylor v. Melton Truck Lines, et al.

Counsel, I am following up on my email below from last week. Thanks

Ryan Funderburg
Attorney at Law
**Quilling, Selander, Lownds, Winslett & Moser, P.C.**
2001 Bryan Street, Suite 1800
Dallas, TX 75201

214-871-2100 (Main)
214-880-1885 (Direct)
214-871-2111 (Fax)

**From:** Ryan Funderburg
**Sent:** Tuesday, March 15, 2022 12:20 PM
**To:** 'jrawlins@rawfirm.com' <jrawlins@rawfirm.com>; 'tadams@rawfirm.com' <tadams@rawfirm.com>
**Cc:** Mark Scudder <mscudder@qslwm.com>
**Subject:** Kaylen Taylor v. Melton Truck Lines, et al.

1

Counsel, our firm has been retained to represent Melton Truck Lines and its driver, Matthew Chesnutt in the above-referenced matter pending in Tarrant County. The parties are diverse in this matter, but you allege $250,000 or less in the Original Petition. DoWould you agree to stipulate Plaintiff Kaylen Taylor seeks damages less than $75,000 in this matter? If not, we will assume Plaintiff is seeking more than $75,000 in this matter.

Defendants' answers should be forthcoming.

Thanks,

# EXHIBIT B

3/21/22, 2:49 PM                    https://odyssey.tarrantcounty.com/PublicAccess/CaseDetail.aspx?CaseID=5585277

Case 4:22-cv-00203-O   Document 1-1   Filed 03/21/22   Page 8 of 36   PageID 13
Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search  Back          Location : All CCL Courts   Help

# REGISTER OF ACTIONS
### CASE NO. 2022-001035-2

| | | | |
|---|---|---|---|
| Kaylen Taylor vs Melton Truck Lines, Inc., and Matthew Chesnutt | § § § § § | Case Type: | **Injury/Damage - Motor Vehicle Accident** |
| | | Date Filed: | **03/02/2022** |
| | | Location: | **County Court at Law No. 2** |

---

## PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Chesnutt, Matthew**<br>or wherever Defendant may be found<br>1709 Oak County Lane<br>Las Vegas, NV 89144 | **MARK S SCUDDER**<br>*Retained*<br>214-871-2100(W) |
| **Defendant** | **Melton Truck Lines, Inc.**<br>b/s registered agent, Michael Dargel<br>808 N. 161st E. Ave.<br>Tulsa, OK 74116 | **MARK S SCUDDER**<br>*Retained*<br>214-871-2100(W) |
| **Plaintiff** | **Taylor, Kaylen** | **Jonathan E Rawlins**<br>*Retained*<br>972-372-0766(W) |

---

## EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 03/02/2022 | **Original Petition      Index # 1** | | |
| 03/02/2022 | **Original Petition      Index # 2** | | |
| | Party:  Taylor, Kaylen | | |
| 03/02/2022 | **Letter      Index # 3** | | |
| | Party:  Taylor, Kaylen | | |
| 03/03/2022 | **Citation** | | |
| | *eserved to Attorney* | | |
| | Melton Truck Lines, Inc. | Served | 03/10/2022 |
| | | Returned | 03/15/2022 |
| | Chesnutt, Matthew | Served | 03/11/2022 |
| | | Returned | 03/15/2022 |
| 03/15/2022 | **Paper Returned      Index # 4** | | |
| | *Paper Returned* | | |
| | Party:  Chesnutt, Matthew | | |
| 03/15/2022 | **Paper Returned      Index # 5** | | |
| | *Affidavit of Service* | | |
| | Party:  Melton Truck Lines, Inc. | | |
| 03/21/2022 | **Defendant's Original Answer      Index # 6** | | |
| | *RE: Melton Truck Lines Inc* | | |
| 03/21/2022 | **Defendant's Original Answer      Index # 7** | | |
| | *RE: Matthew Chesnutt* | | |

---

## FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **Plaintiff** Taylor, Kaylen | | | |
| | Total Financial Assessment | | | 366.00 |
| | Total Payments and Credits | | | 366.00 |
| | **Balance Due as of 03/21/2022** | | | **0.00** |
| 03/03/2022 | Transaction Assessment | | | 366.00 |
| 03/03/2022 | eFiling Payments | Receipt # CCLTF-180157 | Taylor, Kaylen | (229.00) |
| 03/03/2022 | State Credit | | | (137.00) |

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **KAYLEN TAYLOR** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO.** 4:22-cv-203 |
| | § | **(removed from the County Court** |
| **MELTON TRUCK LINES, INC.,** | § | **at Law No. 2, Tarrant County,** |
| **and MATTHEW CHESNUTT,** | § | **Texas)** |
| | § | |
| **Defendants.** | § | |

**INDEX OF STATE COURT FILINGS**

| Exhibit | Filing | Date Filed in State Court |
|---|---|---|
| C-1 | Plaintiffs' Original Petition | 3/09/22 |
| C-2 | Letter to Court requesting citations | 2/9/22 |
| C-3 | Executed Citation – Melton Truck Lines | 3/15/22 |
| C-4 | Executed Citation – Matthew Chestnutt | 3/15/22 |
| C-5 | Defendant Melton Truck Lines, Inc.'s Original Answer | 3/21/22 |
| C-6 | Defendant Matthew Chestnutt's Original Answer | 3/15/22 |

# EXHIBIT C1

E-FILED
TARRANT COUNTY, TEXAS
2/23/2022 8:11 AM
Mary Louise Nicholson
COUNTY CLERK
BY: CK G

2022-001035-2

## CAUSE NO. _____

| | | |
|---|---|---|
| **KAYLEN TAYLOR** | § | **IN THE COUNTY COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| | § | |
| **v.** | § | **AT LAW NO. ____** |
| | § | |
| | § | |
| **MELTON TRUCK LINES, INC., and** | § | |
| **MATTHEW CHESNUTT,** | § | **TARANT COUNTY, TEXAS** |
| *Defendants.* | § | |

---

## PLAINTIFF'S ORIGINAL PETITION

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff Kaylen Taylor ("Plaintiff"), complaining of and against Melton Truck Lines, Inc. ("Defendant Melton Truck Lines") and Matthew Chesnutt ("Defendant Delgado"), and would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN AND REQUIRED DISCLOSURES

Plaintiff intends to conduct expedited discovery under Level 1 pursuant to Rule 190.2 of the TEX. R. CIV. P. Plaintiff requests Defendant provide initial disclosures as required under rule 194.2 within 30 days of filing an answer in this cause.

### II. TEXAS RULE 47 STATEMENT OF MONETARY RELIEF SOUGHT

Plaintiff affirmatively pleads she is seeking monetary relief aggregating two hundred and fifty thousand dollars ($250,000.00) or less, excluding interest, statutory or punitive damages and penalties, and attorney fees and costs.

### III. PARTIES AND SERVICE

Plaintiff is a resident of Tarrant County, TX. The last three digits of Plaintiff's Driver's

---

License is (060)

Defendant Melton Truck Lines, Inc. is a foreign for-profit business corporation with its principal place of business located in Tulsa, Oklahoma. Defendant Melton Truck Lines may be served with citation by serving its registered agent at the following address:

Michael Dargel
808 N. 161st E. Ave.
Tulsa, OK 74116

**Issuance of citation is requested at this time**.

Defendant Matthew Chesnutt is an individual who may be served at his place of residence: 1709 Oak County Lane, Las Vegas, NV 89144 or wherever Defendant may be found. **Issuance of citation is requested at this time**.

## IV. **JURISDICTION**

This Court has jurisdiction as Plaintiff's damages are within the jurisdictional limits of this Court.

## V. **VENUE**

Venue is proper in Tarrant County, Texas, pursuant to 15.002(a)(1) of the Texas Civil Practice and Remedies Code, because the facts that give rise to the causes of action occurred in Tarrant County, Texas.

## VI. **EMPLOYMENT/AGENCY**

At all material times hereto, Defendant Chesnutt was acting within the course and scope of his employment with Defendant Melton Truck Lines, so as to make Defendant Melton Truck Lines liable for the actionable conduct of Defendant Chesnutt under the doctrine of *respondent superior*. All allegations made herein against Defendant Chesnutt are made against Defendant Melton Truck Lines insofar as Defendant Chesnutt was acting within the course and scope of his employment.

Accordingly, Plaintiff seeks judgment against Defendant Melton Truck Lines for the negligence of Defendant Chesnutt.

In the alternative, at all times material hereto, Defendant Chesnutt was the actual, apparent, ostensible, or by estoppel agent of Defendant Melton Truck Lines, acting within the course and scope of such agency, so as to make Defendant Melton Truck Lines liable for the actionable conduct of Defendant Chesnutt. All allegations made herein against Defendant Chesnutt are made against Defendant Melton Truck Lines insofar as Defendant Chesnutt was acting as Defendant Melton Truck Lines' agent. Accordingly, Plaintiff seeks judgment against Defendant Melton Truck Lines for the negligence of Defendant Chesnutt.

## VII. FACTS

On or about October 16, 2020, Plaintiff was traveling northbound on Interstate-35 South Freeway ("I-35") at or near the 100 block of Sycamore School Road during the incident made the basis of this lawsuit. Immediately prior to the incident Plaintiff had entered onto I-35 in heavy traffic from an entrance ramp. Specifically, as Plaintiff entered into the highway, stopped (due to heavy traffic) and was established in the right-lane of travel, Defendant Chesnutt, without warning, collided with the rear driver's side of Plaintiff's vehicle and continued impact down the entire driver's side of Plaintiff's vehicle and front bumper. Defendant Chesnutt's failure to stop his vehicle from colliding with Plaintiff's vehicle; failure to keep a proper lookout; failure to turn the vehicle away from Plaintiff's vehicle; and failure to use due care and maintain proper control of the vehicle was the proximate cause of the Plaintiff's injuries and damages.

## VIII. NEGLIGENCE OF DEFENDANTS

Defendants had a duty to exercise due care that a reasonably prudent person would use to avoid harm to others under similar circumstances.  Plaintiff's injuries were proximately caused by

Defendants' negligent, careless, and reckless disregard of said duty. The conduct of Defendants was the proximate cause of Plaintiff's injuries in that Defendants' acts or omissions constituted negligence and gross negligence, to wit:

a.   failing to keep such a look out as a person of ordinary prudence would have kept under similar circumstances;

b.   failing to turn the direction of the vehicle away from Plaintiff's vehicle, in order to avoid the collision;

c.   failing to use due care to avoid the collision;

d.   failing to maintain proper control of Defendants' vehicle thus causing the collision in question; and

e.   failing to stop his vehicle from colliding with Plaintiff's vehicle.

Each of the above acts and omissions, singularly or in combination with each other, were the proximate cause of Plaintiff's injuries and damages that are described in the Damages section of this Petition.

## IX. DAMAGES

Due to Defendants' negligence, Plaintiff suffered injuries and are seeking compensation for the following:

a.   actual medical bills incurred by Plaintiff for which treatment was necessary and for which the amount was reasonable for these types of services in the county Plaintiff was treated;

b.   medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c.   physical pain and mental anguish sustained in the past found to be reasonable and

just by the trier of fact;

d.      physical pain and mental anguish that, in reasonable probability, Plaintiff will

sustain in the future as determined by the trier of fact;

e.      physical impairment sustained in the past as determined by the trier of fact;

f.      physical impairment that, in reasonable probability, Plaintiff will sustain in the

future as determined by the trier of fact;

g.      lost wages;

h.      loss of earning capacity in the past;

i.      loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the

future;

j.      property damages;

k.      loss of use;

l.      pre/post judgment interest; and

m.      court costs.

## X. <u>CONDITIONS PRECEDENT</u>

All conditions precedent have been performed or have occurred.

## XI. <u>NOTICE OF INTENT</u>

Plaintiff gives notice of intent to utilize any and all items produced in discovery in the trial

of this matter. The authenticity of such items is self-proven per rule 193.7 of the Texas Rules of

Civil Procedure.

## XII. <u>U.S. LIFE TABLES</u>

Plaintiff hereby gives notice to Defendants that Plaintiff intends to use the U.S. Life Tables

as used by the U.S. Department of Health and Human Services.

## XIII. <u>PRAYER</u>

Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following damages:

a.  medical care expenses sustained in the past;

b.  medical care expenses that, in reasonable probability, Plaintiff will sustain in the future;

c.  physical pain and mental anguish sustained in the past;

d.  physical pain and mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

e.  physical impairment sustained in the past;

f.  physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

g.  lost wages;

h.  loss of earning capacity in the past;

i.  loss of earning capacity in the future;

j.  property damages;

k.  loss of use;

l.  pre/post judgment interest;

m.  court costs; and

n.  for such other and further relief, at law or equity, to which Plaintiffs will be justly entitled.

Respectfully submitted,

**Jonathan E. Rawlins**
Texas Bar No. 24079184
Email: jrawlins@rawfirm.com
**Taylor P. Adams**
Texas Bar No. 24096595
Email: tadams@rawfirm.com


**RAWLINS LAW FIRM, LLC**
12801 N. Central Expy, Ste. 360
Dallas, Texas 75243
Telephone #: 972-372-0766
Fax #: 972-372-0765
E-Service: service@rawfirm.com
**COUNSEL FOR PLAINTIFF**

# EXHIBIT C2

E-FILED
TARRANT COUNTY, TEXAS
3/2/2022 9:34 AM
Mary Louise Nicholson
COUNTY CLERK
BY: CK G

2022-001035-2



12801 N. Central Expy, Ste 360
Dallas, TX 75243
P: 972-372-0766    F: 972-372-0765
tadams@rawfirm.com

March 2, 2022

***VIA: E-File***
Tarrant County Clerk's Office
100 W. Weatherford
Fort Worth, Texas 76196

  *Re:* *Taylor v. Melton Truck Lines, Inc. et al*

To whom it may concern:

  Today *Plaintiff's Original Petition* was filed, and issuance of citation paid. Please issue citation for the named Defendants included in Plaintiff's Petition. Please return electronically to **service@rawfirm.com** or in the alternative, mailed to:

**Rawlins Law Firm, LLC**
**12801 N. Central Expy., Ste. 360**
**Dallas, Texas 75243**

  Please let me know if you have any questions.

       Regards,

       Taylor P. Adams
       Direct: (972) 600-1280
       tadams@rawfirm.com

Copy from re:SearchTX

# EXHIBIT C3



E-FILED
TARRANT COUNTY, TEXAS
3/15/2022 1:33 PM
MARY LOUISE NICHOLSON
COUNTY CLERK
BY: AE W

CAUSE NO:   <u>2022-001035-2</u>                                                    ORIGINAL   CITATION

## ORIGINAL PETITION

### THE STATE OF TEXAS

TO:   Melton Truck Lines, Inc.
      b/s registered agent, Michael Dargel
      808 N 161st E Ave
      Tulsa OK  74116
      **Defendant** in the hereinafter styled and numbered cause.

You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation in the County Court at Law No. <u>2</u> of Tarrant County, Texas, at the Courthouse located at 100 WEST WEATHERFORD ST., Fort Worth, Texas 76196. The **Original Petition** was filed on **MARCH 02, 2022** and is numbered **2022-001035-2**. The case style is:

**Kaylen Taylor**

**vs**

**Melton Truck Lines, Inc., and Matthew Chesnutt**

A true copy of the above-described **Original Petition** accompanies and is made a part of this citation.

Plaintiff Attorney is:      Jonathan E Rawlins
                      RAWLINS LAW FIRM LLC
                      12801 N Central Expy
                      Ste 360
                      Dallas TX  75243
                      Phone: 972-372-0766              Bar No.24079184

---

**\*\*\* NOTICE TO DEFENDANT \*\*\***
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DOES NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG**

---

Issued under my hand and seal of this court on March 03, 2022 at Fort Worth, Texas, by Cynthia Gerred, Clerk of the County Courts at Law court.

**MARY LOUISE NICHOLSON**, COUNTY CLERK
Tarrant County, Texas
County Court at Law No. 2
100 W. Weatherford St., Room 250
Fort Worth, Texas 76196-0401



Signed: 3/3/2022 3:43:10 PM

By _____
Cynthia Gerred, Deputy Clerk

Copy from re:SearchTX

# AFFIDAVIT OF SERVICE

| Case:<br>2022-001035-2 | Court:<br>COUNTY | County:<br>TARRANT | Job:<br>6788564 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>KAYLEN TAYLOR | | Defendant / Respondent:<br>MELTON TRUCK LINES, INC AND MATTHEW<br>CHESNUTT | |
| Received by:<br>WEST WAY LLC | | For:<br>LEGAL DOCUMENT MANAGEMENT | |
| To be served upon:<br>MELTON TRUCK LINES, INC | | | |

I, Delmer Cook, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   VALLIE S DUGAS, ASSOCIATE GENERAL COUNSEL/AUTHORIZED AGENT, 808 N
161ST E AVE, TULSA, OK 74116

**Manner of Service:**   Business, Mar 10, 2022, 2:32 pm CST

**Documents:**   ORIGINAL PETITION WITH CITATION

**Additional Comments:**

_signature_   3/11/2022

Delmer Cook   **Date**
PSS-2021-0001

_Subscribed and sworn to before me by the affiant who is personally known to me._

_signature_

**Notary Public**

3/11/22

**Date**   **Commission Expires**

_[Notary Seal]_
C. WEST
NOTARY
# 06005777
EXP. 06/13/22
PUBLIC
STATE OF OKLAHOMA

Copy from re:SearchTX

# EXHIBIT C(

E-FILED
TARRANT COUNTY, TEXAS
3/15/2022 2:23 PM
Mary Louise Nicholson
COUNTY CLERK
By: M. Fields

**CAUSE NO:** __2022-001035-2__                          ORIGINAL CITATION

### ORIGINAL PETITION



## THE STATE OF TEXAS

**TO:**   Matthew Chesnutt
or wherever Defendant may be found
1709 Oak County Lane
Las Vegas NV  89144
**Defendant** in the hereinafter styled and numbered cause.

You are commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service of this citation in the County Court at Law No. 2 of Tarrant County, Texas, at the Courthouse located at 100 WEST WEATHERFORD ST., Fort Worth, Texas 76196. The **Original Petition** was filed on **March 02, 2022** and is numbered **2022-001035-2.** The case style is:

### Kaylen Taylor
### vs
### Melton Truck Lines, Inc., and Matthew Chesnutt

A true copy of the above-described **Original Petition** accompanies and is made a part of this citation.

Plaintiff Attorney is:       Jonathan E Rawlins
RAWLINS LAW FIRM LLC
12801 N Central Expy
Ste 360
Dallas TX  75243
Phone: 972-372-0766          Bar No. 24079184

**\*\*\* NOTICE TO DEFENDANT \*\*\***
**YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TEXASLAWHELP.ORG.**

Issued under my hand and seal of this court on March 03, 2022 at Fort Worth, Texas, by Cynthia Gerred, Clerk of the County Courts at Law court.

Mary Louise Nicholson, COUNTY CLERK
Tarrant County, Texas
County Court at Law No. 2
100 W. Weatherford St., Room 250
Fort Worth, Texas 76196-0401



By_____
Cynthia Gerred, Deputy Clerk

Copy from re:SearchTX

## AFFIDAVIT OF SERVICE

| Case:<br>2022-<br>001035-2 | Court:<br>IN THE COUNTY COURT AT LAW NO. 2 TARANT<br>COUNTY, TEXAS | County: | Job:<br>6785778 (2022-001035-2) |
|---|---|---|---|
| Plaintiff / Petitioner:<br>KAYLEN TAYLOR | | Defendant / Respondent:<br>MELTON TRUCK LINES, et al. | |
| Received by:<br>ACE Executive Services, LLC (NV #2021C) | | For:<br>LEGAL DOCUMENT MANAGEMENT | |
| To be served upon:<br>MATTHEW CHESNUTT | | | |

I, JUAN SERRATA, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** MATTHEW CHESNUTT, 1709 OAK COUNTRY LN, LAS VEGAS, NV 89144

**Manner of Service:** Personal/Individual, Mar 11, 2022, 11:42 am PST

**Documents:** CITATION; PETITION (Received Mar 8, 2022 at 1:00pm PST)

**Additional Comments:**
1) Unsuccessful Attempt: Mar 10, 2022, 8:29 pm PST at 1709 OAK COUNTRY LN, LAS VEGAS, NV 89144
Attempted. Knocked and rang doorbell several times. No answer. No sounds. No lights on in the house. Lights on in the garage. No cars in the driveway.

2) Successful Attempt: Mar 11, 2022, 11:42 am PST at 1709 OAK COUNTRY LN, LAS VEGAS, NV 89144 received by MATTHEW CHESNUTT. Age: 40's; Ethnicity: Caucasian; Gender: Male; Weight: 175; Height: 5'8"; Hair: Brown; Eyes: Brown;

JUAN SERRATA          03/11/2022
R-2019-00067          Date

FOR:LEGAL DOCUMENT MANAGEMENT
5930 LBJ FREEWAY STE 307
DALLAS, TX 75240

Subscribed and sworn to before me by the affiant who is personally known to me.

Notary Public

Date              Commission Expires

JENNIFER HARHAY
Notary Public, State of Nevada
No. 04-90266-1
My Appt. Exp. June 6, 2024

Copy from re:SearchTX

# EXHIBIT C)˙

E-FILED
TARRANT COUNTY, TEXAS
3/21/22 3:03 PM
Mary Louise Nicholson
COUNTY CLERK
BY: AE W

CAUSE NO. 2022-001035-2

| | | |
|---|---|---|
| KAYLEN TAYLOR | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 2 |
| MELTON TRUCK LINES, INC., and | § | |
| MATTHEW CHESNUTT, | § | |
| | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT MELTON TRUCK LINES, INC.'S ORIGINAL ANSWER

COMES NOW Defendant **MELTON TRUCK LINES, INC.** and files this, its Original Answer in response to Plaintiff's Original Petition filed against it and in support hereof shows the Court the following:

## I.   GENERAL DENIAL

**1.** Subject to such stipulations and admissions as may be made hereafter, Defendant denies each and every allegation made by Plaintiff and hereby enters a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she have made against Defendant.

## II.   AFFIRMATIVE DEFENSES

**2.** Further answering, alternatively, and by way of affirmative defense, the accident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and negligent per se acts and/or omissions of others not under the control of Defendant, including Plaintiff, whose acts or omissions were a contributing or sole

proximate cause of the accident in question and any alleged damages resulting therefrom. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

**3.**     Further answering, alternatively, and by way of affirmative defense, in the unlikely event that any liability be found on the part of Defendant, such liability must be reduced by the percentage of causation and responsibility found to have resulted from the negligence and negligence per se of others.

**4.**     Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses are limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **MELTON TRUCK LINES, INC.** request that Plaintiff take nothing by her suit, that Defendant recover its costs, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Mark Scudder*
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS,**
**WINSLETT & MOSER**
2001 Bryan St., Suite 1800
(214) 871-2100
(214) 871-2111 - Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**AND**

*/s/ Vallie S. Dugas*
**VALLIE S. DUGAS**
State Bar No. 24047614
808 N. 161st E. Ave.
Tulsa, OK 74116
(918) 234-8000
Vallie.dugas@meltontruck.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 21st day of March 2022 the foregoing was served on all known counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

*/s/ Mark Scudder*
**MARK S. SCUDDER**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janet Casares on behalf of Mark S. Scudder
Bar No. 17936300
jcasares@qslwm.com
Envelope ID: 62789835
Status as of 3/21/2022 2:41 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Janet Casares | | jcasares@qslwm.com | 3/21/2022 1:30:07 PM | SENT |
| Ryan Funderburg | | rfunderburg@qslwm.com | 3/21/2022 1:30:07 PM | SENT |
| Kim Price | | kprice@qslwm.com | 3/21/2022 1:30:07 PM | SENT |
| Mark S.Scudder | | mscudder@qslwm.com | 3/21/2022 1:30:07 PM | SENT |
| Vallie Dugas | | Vallie.dugas@meltontruck.com | 3/21/2022 1:30:07 PM | SENT |
| Jonathan E.Rawlins | | jrawlilns@rawfirm.com | 3/21/2022 1:30:07 PM | SENT |
| Taylor P.Adams | | tadams@rawfirm.com | 3/21/2022 1:30:07 PM | SENT |
| Rawlins Law Firm . | | service@rawfirm.com | 3/21/2022 1:30:07 PM | SENT |

# EXHIBIT C*ˑ

E-FILED
TARRANT COUNTY, TEXAS
3/21/22 12:03 PM
Mary Louise Nicholson
COUNTY CLERK
BY: AE W

CAUSE NO. 2022-001035-2

| | | |
|---|---|---|
| KAYLEN TAYLOR | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | AT LAW NO. 2 |
| MELTON TRUCK LINES, INC., and | § | |
| MATTHEW CHESNUTT, | § | |
| | § | |
| Defendants. | § | TARRANT COUNTY, TEXAS |

## DEFENDANT MATTHEW CHESNUTT'S ORIGINAL ANSWER

COMES NOW Defendant **MATTHEW CHESNUTT** and files this, his Original Answer in response to Plaintiff's Original Petition filed against him and in support hereof shows the Court the following:

### I.  GENERAL DENIAL

**1.** Subject to such stipulations and admissions as may be made hereafter, Defendant denies each and every allegation made by Plaintiff and hereby enters a general denial as is permitted by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations which she have made against Defendant.

### II.  AFFIRMATIVE DEFENSES

**2.** Further answering, alternatively, and by way of affirmative defense, the accident in question and Plaintiff's alleged resulting damages, if any, were the result of negligent and negligent per se acts and/or omissions of others not under the control of Defendant, including Plaintiff, whose acts or omissions were a contributing or sole

proximate cause of the accident in question and any alleged damages resulting therefrom. Defendant, therefore, invokes the doctrine of comparative causation and proportionate responsibility as set forth in Chapter 33 of the Texas Civil Practice & Remedies Code.

**3.**     Further answering, alternatively, and by way of affirmative defense, in the unlikely event that any liability be found on the part of Defendant, such liability must be reduced by the percentage of causation and responsibility found to have resulted from the negligence and negligence per se of others.

**4.**     Further answering, alternatively, and by way of affirmative defense, Plaintiff's medical expenses are limited to those actually paid or incurred on behalf of Plaintiff pursuant to Texas Civil Practice & Remedies Code § 41.0105.

### III.
### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant **MATTHEW CHESNUTT** request that Plaintiff take nothing by her suit, that Defendant recover his costs, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ Mark Scudder*
**MARK S. SCUDDER**
State Bar No. 17936300
**RYAN FUNDERBURG**
State Bar No. 24101776
**QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER**
2001 Bryan St., Suite 1800
(214) 871-2100
(214) 871-2111 - Fax
mscudder@qslwm.com
rfunderburg@qslwm.com

**AND**

*/s/ Vallie S. Dugas*
**VALLIE S. DUGAS**
State Bar No. 24047614
808 N. 161st E. Ave.
Tulsa, OK 74116
(918) 234-8000
Vallie.dugas@meltontruck.com

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on the 21st day of March 2022 the foregoing was served on all known counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure.

*/s/ Mark Scudder*
**MARK S. SCUDDER**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Janet Casares on behalf of Mark S. Scudder
Bar No. 17936300
jcasares@qslwm.com
Envelope ID: 62790873
Status as of 3/21/2022 2:43 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark S.Scudder | | mscudder@qslwm.com | 3/21/2022 1:40:38 PM | SENT |
| Janet Casares | | jcasares@qslwm.com | 3/21/2022 1:40:38 PM | SENT |
| Kim Price | | kprice@qslwm.com | 3/21/2022 1:40:38 PM | SENT |
| Ryan Funderburg | | rfunderburg@qslwm.com | 3/21/2022 1:40:38 PM | SENT |
| Vallie Dugas | | Vallie.dugas@meltontruck.com | 3/21/2022 1:40:38 PM | SENT |
| Taylor P.Adams | | tadams@rawfirm.com | 3/21/2022 1:40:38 PM | SENT |
| Jonathan E.Rawlins | | jrawlilns@rawfirm.com | 3/21/2022 1:40:38 PM | ERROR |
| Rawlins Law Firm . | | service@rawfirm.com | 3/21/2022 1:40:38 PM | SENT |